DUNCAN & JOHNSTON, plaintiffs in error, vs. GILBERT M. STOKES, defendant in error.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case.)

When a suit was brought against A on an open account for monies advanced to B, which it was claimed A was liable to pay, and a verdict was had in favor of the defendant, and subsequently the plaintiff in the suit brought another action against A for the same monies, charging that he was liable to pay them, by reason of his fraud and deceit practiced on the plaintiff, and A pleaded the former judgment in bar, and on the trial the same evidence and no other was offered as had been used in the other case:

*Held.* That it was not error in the Judge to charge the jury that if they believed the cause of action now sued on was the same transaction as was investigated in the former trial they ought to find for the defendant.

New trial. Former recovery. Before 'Judge CLARK. Lee Superior Court. November Term, 1872.

Duncan & Johnston brought case against Gilbert M. Stokes, alleging that by his fraud and deceit in inducing them to advance money to Hunt & Bryan, a firm engaged in the planting business, alleged to be insolvent, he had injured and damaged them in the sum of $5,000 00.

The defendant pleaded former recovery. That plaintiffs had at a former term of the Court brought an action of complaint against defendant for the moneys alleged to have been advanced by them to said firm of Hunt & Bryan, which resulted in a verdict for the defendant; that a new trial was

awarded by the Court, which decision was reversed by the Supreme Court: See 43 Georgia Reports, 297.

The evidence is unnessary to an understanding of the decision.

The jury returned a verdict for the defendant. The plaintiffs moved for a new trial upon the following grounds, to-wit:

1st. Because the Court erred in charging the jury as follows: "The defendant having filed and set up a plea of former recovery in this case, and it appearing by evidence that this is the same transaction, and the evidence being the same that was used in the other case pleaded, upon which it is admitted there was a recovery for the defendant, and it is insisted because the other case was an action 'ex contractu' the judgment therein does not bar the plaintiffs from maintaining this action which is for a tort. I charge you, that if you believe this is the same transaction, and upon the same evidence embraced and used in the other case, then you ought to find a verdict for the defendant."

2d. Because the Court erred in charging the jury as follows: "That if the plaintiffs in the other case had the right to sue for a tort, and instead of so doing waived his tort and sued in assumpsit, he is barred by his election, and if he lost in that case, he cannot maintain this action."

The Court refused a new trial, and plaintiffs excepted upon each of the grounds aforesaid.

VASON & DAVIS; HINES & HOBBS, for plaintiffs in error.

W. A. HAWKINS, for defendant.

McCAY, Judge.

The first action in this case was assumpsit, or rather complaint under our statutory forms, upon an open account. In that suit the plaintiffs undertook to show by certain letters and acts of defendant that he had promised, or that from what he had done the law implied a promise to pay the plaintiffs' advances to Hunt & Bryan. The jury found against them, and this Court upheld the finding. They now bring a suit in tort,

Duncan & Johnston vs. Stokes.

alleging that the defendant, by *his deceit*, has damaged them a certain amount, and they offer precisely the same evidence they used on the former trial to sustain their declaration. Is the judgment in the first suit a bar? We think it is. The only ground upon which it can be contended that the evidence sustains the charges in the declaration in the last suit is, that it proves that the defendant, by his acts or letters *led* the plaintiffs to *believe* he would pay the advances to Hunt & Bryan, that is, that by his false statements and acts he misled the plaintiffs into that belief.

Now it does not and cannot make any difference whether a promise is in words or acts. If the defendant did, or said, or wrote any thing from which the plaintiffs had a legal right to infer that he had undertaken to pay them, that would be a promise, and if not an express promise it would make such a state of facts as that the law would imply a promise. In other words, if in this evidence there is anything from which it is proper to infer that the defendant had led plaintiffs to believe he would pay the advances to Hunt & Bryan, it would have been the duty of the jury to find for the plaintiffs in the first suit. But after hearing all this evidence the jury found for the defendant, and this Court affirmed the judgment. It follows, therefore, that the judgment in the first suit is a bar to this. The evidence introduced, if it shows that the defendant, by his acts, words or writings, led the plaintiffs, *by his deceit*, to believe he would pay their advances to Hunt & Bryan, would have entitled the plaintiffs to a verdict in the first suit, since it would have shown either an express promise or a state of facts from which the law would imply a promise. But on this question of the effect of the evidence a jury has passed. We think this is the rule laid down by the authorities. The right of the plaintiff to bring a second suit depends upon whether the jury in the first case passed upon what he now claims to be the effect of the evidence. If it did the verdict is a bar. We think, therefore, the Court was right, and affirm the judgment.

Judgment affirmed.